# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FLOYD JOSE BORDEN ) | |
| AKA FLOYD J. BORDEN ) | CASE NO. 09-81814 |
| VONTONYA JENEE BORDEN ) | |
| AKA VONTONYA J. WILLIAMSON ) | MOTION FOR RELIEF FROM STAY |
| SSN: xxx-xx-1691 ) | |
| SSN: xxx-xx-7849 ) | APPLYING 11 U.S.C. § 362(e) |
| ) | |
| DEBTORS ) | |

Pursuant to Section 362(d) of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") and Bankruptcy Rules 4001 and 9014, M&T CREDIT SERVICES, LLC (M&TCS), through counsel, hereby moves the Court for an Order for relief from the automatic stay provisions of 11 U.S.C. §362(a).

In support of its Motion, M&TCS shows unto the Court that:

1. On or about October 15, 2009, the Debtors filed a petition with the United States Bankruptcy Court for the Middle District of North Carolina for relief under Chapter 7 of the United States Bankruptcy Code.

2. This Court has jurisdiction over the Motion pursuant to the provisions of 11 U.S.C. §362 and Bankruptcy Rules 4001 and 9014. This Court has jurisdiction over this proceeding, pursuant to 28 U.S.C. §1334, the Referral Order entered herein by the Chief United States District Court Judge for the Middle District of North Carolina and 11 U.S.C. §362. Bankruptcy Rules 4001 and 9014 apply. This matter is a core proceeding as defined in 28 U.S.C. §151 and 157(b) and to the extent any non-core issues are raised, M&TCS consents to the jurisdiction of this Court for determination of all issues, including non-core issues.

3. Sara A. Conti is the duly appointed Trustee in the Debtors' Chapter 7 proceeding.

4. On or about September 25, 2008, Floyd J. Borden executed a Personal Loan Note and Security Agreement ("Note") in the original principal amount of $0.00, a copy of which is attached hereto and incorporated herein by reference.

5. The Note referred to in the preceding paragraph is secured by a North Carolina Certificate of Title Number 778111072974909 on property known as a 2006 Kia Sorento bearing Vehicle Identification Number KNDJD733165552786. A copy of the Certificate of Title is attached hereto and incorporated by reference.

6. At the time of filing herein, the Debtors were in default on their obligations to M&TCS.

7. M&TCS is a secured creditor in the Debtors' bankruptcy proceeding. Pursuant to the Debtors' Chapter 7 petition, the Debtors intend to surrender the subject property. The total contractual arrearage due under the Note through November 23, 2009, is at least $2,262.08. A breakdown of the arrearage is as follows:

| Payment(s) | 08/08/09 - 11/08/09 | $565.52 x 4 = | $2,262.08 |

TOTAL ARREARAGE THROUGH November 23, 2009     $2,262.08

8. As of the filing of this Motion, the approximate unpaid principal balance on the above described debt to Movant was $25,189.99 plus interest accruing at the rate of 7.99%, accumulated late charges and fees. The amount necessary to pay the loan in full is in excess of $25,189.99.

9. A fair market value, based on the Debtors' Petition is $10,957.50.

10. The Trustee's Report of No Distribution was filed on November 6, 2009.

11. Movant is not adequately protected and the Debtors have not offered adequate protection.

12. Movant is entitled to Relief from Stay to foreclose or repossess its security interest in the property identified in the Certificate of Title attached hereto and incorporated herein by reference and to pursue all other state remedies for sums due under the loan documents.

13. Movant will suffer irreparable injury, loss and damage in the event relief is not granted.

14. Movant has incurred reasonable attorney's fees and costs in connection with the prosecution of this motion.

BASED UPON THE FOREGOING, Movant respectfully prays that:

1. The stay imposed by 11 U.S.C. §362(a) be terminated, annulled or modified to permit Movant to foreclose or repossess its security interest in the property identified in the Certificate of Title attached hereto and to pursue all other state remedies for sums due under the loan documents; that said relief is immediate, and the 10 day waiting period of F.R.B.P. 4001(a)(3) does not apply; or in the alternative that it receive adequate protection from the Debtors;

2. The hearing of this motion be the final hearing under 11 U.S.C. §362(c) and any preliminary hearing be consolidated herein and Orders entered accordingly;

3. It be granted reasonable attorney's fees pursuant to 11 U.S.C. §506; and,

4. It have such other and further relief as the Court deems just and proper.

This the 1st day of December, 2009.

        THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

        BY: s:/Joseph J. Vonnegut
             Joseph J. Vonnegut
             Attorney for Movant
             4317 Ramsey Street
             Post Office Box 2505
             Fayetteville, NC 28302
             (910) 864-2668
             State Bar No. 32974

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date this paper was served upon the following parties by depositing a copy enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service or via the appropriate electronic servicer:

Debtors:
Floyd Jose Borden
4 Green Springs Court
Durham, NC 27713

Vontonya Jenee Borden
4 Green Sprints Court
Durham, NC 27713

Attorney for Debtors:
John T. Orcutt
6616-203 Six Forks Rd.
Raleigh, NC 27615

Sara A. Conti
Chapter 7 Trustee
P.O. Box 939
Carrboro, NC 27510

Michael D. West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

This the 1st day of December, 2009..

        THE LAW FIRM OF HUTCHENS, SENTER & BRITTON, P.A.

        BY:   s/Joseph J. Vonnegut
            JOSEPH J. VONNEGUT
            Attorney for Movant
            4317 Ramsey Street
            Post Office Box 2505
            Fayetteville, NC 28302
            (910) 864-2668
            State Bar No. 32974

HSB Case No: 1023236 (BK)
Case 09-81814    Doc 20    Filed 12/01/09    Page 4 of 8

White - Bank
Canary - Borrower 1
Pink - Borrower 2
Goldenrod - Guarantor

**M&T Bank**

**PERSONAL LOAN NOTE AND SECURITY AGREEMENT**
Part 1

160-061                          2001
                                 Interest Rate _____ %
                                 For Internal Use Only

P.R. ☐                           Date SEPT. 25, 2008

**FLOYD BORDEN    200 COURTNEY CREEK BLVD APT 228 DURHAM NC 27713**
Borrower 1's name and address

Borrower 2's name and address

Guarantor's or other owner's name and address

1. **Meaning of some words.** In this note, (a) "you" and "your" mean anyone signing this note, whether as a borrower, guarantor or other owner, (b) "we," "us," "our" and "ours" mean Manufacturers and Traders Trust Company, One M&T Plaza, Buffalo, New York 14240, and (c) "your property" means any motor vehicle, boat, mobile home or other item of tangible personal property described on any line in Section 7, including all equipment, accessories, parts and tires that are or become part of it by being installed in or affixed to it.

2. **Introduction.** This note consists of 2 parts, each of which contains provisions concerning the credit transaction in which you are giving us this note. Part I of this note contains Sections 1 through 16 of this note, and Part II of this note contains sections 17 through 49 of this note.

3. **Summary of credit transaction.**
   a. ANNUAL PERCENTAGE RATE .......... 7.99 %
   b. Amount financed ................ $ 33,050.77
   c. FINANCE CHARGE ................. $ 7,163.63
   d. Total of payments .............. $ 72,214.40

In this note, (a) "annual percentage rate" means the cost, expressed as a yearly rate, of the credit being provided to you or on your behalf in the credit transaction in which you are giving us this note, (b) "amount financed" means the amount of the credit, (c) "finance charge" means the cost, in dollars, of the credit, and (d) "total of payments" means the amount you will pay by paying all instalments payable under this note as scheduled.

4. **Payment schedule.** You are to pay __85__ monthly instalments under this note, beginning on __NOV. 09__, 20 __08__. Each of the instalments will be $ __496.64__ (or, if the following blanks are completed, each of the first _____ of the instalments will be $ _____, and the last of the instalments will be $ _____).

5. **Other charges.** (a) If any portion of any instalment payable under this note is overdue for more than 10 days, you must pay a late charge of 5% of the instalment but not more than $5. (b) If any check you give us as a payment on your account is dishonored because of insufficient or uncollected funds or because the account has been closed, you must pay a returned check charge as permitted by General Obligations law section 5-328 as the same may be amended from time to time. As of September, 1996, that fee is $20.00.

6. **Prepayment.** If you prepay all amounts payable under this note, you will not have to pay a penalty and may be entitled to a refund of part of the finance charge.

7. **Security.** We are being given an interest in the following property:
   ☑ Motor vehicle, boat, mobile home or other tangible property described as follows:
   2008    KIA    SEDONA

11. **Itemization.** The amount financed is itemized as follows:
   a. Amount given to you directly .............. $ _____
   b. Amount paid on your account with us ....... $ 33,050.77
   c. Charge for group credit life insurance* ... $ _____
   d. Charge for group credit disability insurance* $ _____
   e. Charge for single interest insurance* ..... $ _____
   f. Amount paid to insurance company(ies) (c+d+e)* $ _____
   g. Filing fee(s) (amount paid to public official(s)) $ _____
   *We may be retaining a portion of this amount.

GPN 25-00-50                     G-19058 (01.10) / G-19080 (01.10)

12. a. **Request and Schedule for Group Decreasing Credit Life Insurance and Group Credit Disability Insurance.**

I understand that Group Decreasing Credit Life Insurance and Group Credit Disability Insurance are voluntary and are not required to obtain this loan. I further understand that I may select another insurer to provide this coverage.

If I choose to become insured, I understand that insurance will be provided in accordance with the certificate of group insurance that will be given to me. I also reserve the right to terminate my coverage at any time by notifying you in writing. The cost of insurance for the entire term of this loan is shown below.

☐ I WANT optional Group Decreasing Credit Life Insurance.  $ _____
☐ WE WANT optional Group Decreasing Credit Joint Life Insurance.  $ _____
☐ I WANT optional Group Disability Insurance. (Borrower Only)  $ _____
☑ I/WE DO NOT WANT optional Group Decreasing Credit Life Insurance.
☑ I DO NOT WANT optional Group Credit Disability Insurance.

Amount Financed        $ _____
Effective date of insurance ___/___/___
Term of Insurance _____ months.
Monthly Disability Benefit $ _____

X _[signature]_                       7/23/72
Signature of Borrower                 Date of Birth

Signature of Co-Borrower              Date of Birth

12. b. **Effect of Insurance Premiums on the Annual Percentage Rate (APR) and Finance Charge for Loans Over 60 Months.** I understand that if my loan is in excess

7. **Security.** We are being given an interest in the following property:

☑ Motor vehicle, boat, mobile home or other tangible property described as follows:

<u>2006</u>    <u>KIA</u>    <u>SEDONA</u>
year        make           model

<u>KNDMB233566053649</u>
type of property        Identification number

☐ Other property described as follows (describe, if applicable, boat engine and boat trailer and include account number for deposit account):

Also, money on deposit with us and other property securing the payment of other amounts payable to us may secure the payment of all amounts payable under this note.

8. **Assumption.** If proceeds of the credit transaction in connection with which you are giving us this note are to be used to finance the purchase of a mobile home described on any line in Section 7, someone buying the mobile home may under certain circumstances be allowed to assume the obligation to pay amounts payable under this note in accordance with the provisions of this note.

9. **Effect of deposit account.** If a deposit account is described on any line in Section 7, the annual percentage rate does not reflect the effect of the deposit account.

10. **Additional Information.** You should refer to the rest of this note for additional information about nonpayment, default, our right to declare all amounts payable under this note but not yet paid immediately due and prepayment refunds.

_____
Guarantor's signature

_____
Other owner's signature

☐ The following notice applies only if this box is checked:

Signature of Co-Borrower                    Date of Birth

12. b. **Effect of Insurance Premiums on the Annual Percentage Rate (APR) and Finance Charge for Loans Over 60 Months.** I understand that if my loan is in excess of 60 months and I have voluntarily elected to purchase group credit life and/or group credit disability insurance, the insurance premium I pay is calculated monthly on the scheduled outstanding balance of my account. Thus, as my balance decreases, my insurance premium also will decrease. At the beginning of the loan term, my insurance premium will be larger, so less of my monthly payment will be applied to my loan principal at the beginning of the loan than would be applied had I not elected to purchase insurance. I understand that the finance charge and APR disclosed in the Truth-in-Lending disclosure reflect the effect of my election to purchase insurance.

13. **Agreement.** You (a) agree to be bound by all provisions of this note, including those contained in Part II, and (b) acknowledge receipt of copies of Part I and II of this note.

14. **Obtaining Insurance.** You can obtain any insurance required by us in connection with any property described in Section 7 from or through the person of your choice, but it must be provided by a company acceptable to us. We will not unreasonably determine any company to be unacceptable to us.

15. **Promise to pay.** In return for the loan you have received, you promise to pay U.S. $ <u>32,250.77</u> (hereinafter principal) plus interest thereon at the yearly rate of <u>7.99</u>%. You will make monthly payments in accordance with the payment schedule in section 4. You may make payments under the note at any banking office, at the address set forth in the coupon book, or at such other address as we may specify from time to time.

16. **Security Interest.** To secure the payment of all amounts payable under this note and the payment of all other indebtedness from you to us existing now or coming into existence in the future, you give us a security interest in your property.

X _____
Borrower 1's signature

_____
Borrower 2's signature

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**CO-SIGNER NOTICE**
(Closed-end Credit)

_____                              _____
(Co-signer's Name)                                      (Co-signer's Address)

NOTICE

You agree to pay the debt identified below although you may not personally receive any property, services or money. You may be sued for payment although the person who receives the property, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the note or contract. You will also have to pay some or all of these costs and charges if the note or contract, the payment of which you are guaranteeing, requires the borrower to pay such costs and charges.

This notice is not the note, contract, or other writing that obligates you to pay the debt. Read that writing for the exact terms of your obligation.

**IDENTIFICATION OF DEBT(S) YOU MAY HAVE TO PAY**

MANUFACTURERS AND TRADERS TRUST COMPANY

_____                              _____
(Name of Debtor)                                        (Name of Creditor)

JMF

# STATE OF NORTH CAROLINA

MVR-191 (Rev 05/07)

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| KNDJD733165552786 | 2006 | KIA | MP |

| TITLE NUMBER | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
|---|---|---|
| 7781110072974909 | 10/26/2007 | 579310072393012 |

M&T CREDIT SERVICES LLC
PO BOX 37258
BALTIMORE MD 21297-3258

ODOMETER READING
007850
ODOMETER STATUS

TITLE BRANDS

OWNER(S) NAME AND ADDRESS

VONTONYA JENEE BORDEN
200 COURTNEY CREEK BLVD APT 228
DURHAM NC 27713-1326

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

*William C. Gore Jr* (signature)
COMMISSIONER OF MOTOR VEHICLES

RECEIVED
NOV 02 2007

FIRST LIENHOLDER:      DATE OF LIEN 08/23/2006
M&T CREDIT SERVICES LLC
PO BOX 37258
BALTIMORE MD 21297-3258

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____ DATE _____

SECOND LIENHOLDER:      DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____ DATE _____

THIRD LIENHOLDER:      DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____ DATE _____

FOURTH LIENHOLDER:      DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE _____
TITLE _____ DATE _____

ADDITIONAL LIENS:

76602581

909 T1M0B5A

ANY ALTERATIONS OR ERASURES VOID TITLE

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

## A — FIRST RE-ASSIGNMENT OF TITLE BY REGISTERED OWNER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

Name of Buyer: _____

Address of Buyer: _____

"I, seller(s) certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

**ODOMETER READING** (No Tenths)

- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage.

**WARNING - ODOMETER DISCREPANCY**

To my knowledge the vehicle described herein:
- Yes ☐ No ☐ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market value.
- Yes ☐ No ☐ Has been a flood vehicle.
- Yes ☐ No ☐ Has been a reconstructed or a salvage vehicle.

Date vehicle delivered to purchaser: _____

Seller(s) Signature: _____
Seller(s) Hand Printed Name: _____
Date: _____ County: _____ State: _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: _____ seller(s)/name(s) of principal(s).

Notary Public Signature: _____
Notary's Printed or Typed Name: _____
My Commission expires: _____ (SEAL)

Buyer(s) Signature: _____
Buyer(s) Hand Printed Name: _____

## B — FIRST RE-ASSIGNMENT OF TITLE BY DEALER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

Name of Buyer: _____

Address of Buyer: _____

"I, seller(s) certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

**ODOMETER READING** (No Tenths)

- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage.

**WARNING - ODOMETER DISCREPANCY**

To my knowledge the vehicle described herein:
- Yes ☐ No ☐ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market value.
- Yes ☐ No ☐ Has been a flood vehicle.
- Yes ☐ No ☐ Has been a reconstructed or a salvage vehicle.

Date vehicle delivered to purchaser: _____

Dealer(s) Name: _____ Dealer #: _____
Dealer(s) Signature: _____
Dealer(s) Hand Printed Name: _____
Date: _____ County: _____ State: _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: _____ seller(s)/name(s) of principal(s).

Notary Public Signature: _____
Notary's Printed or Typed Name: _____
My Commission expires: _____ (SEAL)

Buyer(s) Signature: _____
Buyer(s) Hand Printed Name: _____

## C — PURCHASER'S APPLICATION FOR NEW CERTIFICATE OF TITLE

The undersigned purchaser of the vehicle described on the face of this certificate, hereby makes application for a new certificate of title and certifies that said vehicle is subject to the following named liens and none other and that the information contained herein is true and accurate to my best knowledge and belief.

**OWNER(S)**

Owner 1 DL#: _____ Full Legal name of Owner (First, Middle, Last, Suffix) or Company: _____

Owner 2 DL#: _____ Full Legal name of Owner (First, Middle, Last, Suffix) or Company: _____

Residence Address: _____

City: _____ State: _____ Zip Code: _____ Tax County: _____

Mail Address (if different from above): _____

**FIRST LIEN**
Date of Lien: _____ Account #: _____ Lienholder ID: _____
Lienholder Name: _____
Address: _____
City: _____ State: _____ Zip Code: _____

**SECOND LIEN**
Date of Lien: _____ Account #: _____ Lienholder ID: _____
Lienholder Name: _____
Address: _____
City: _____ State: _____ Zip Code: _____

I certify for the motor vehicle described herein that I have financial responsibility as required by law.

Insurance Company Authorized in NC: _____
Policy Number: _____

**ODOMETER READING**

Signature of Owner(s): _____

Date: _____ County: _____ State: _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: _____ owner(s)/name(s) of principal(s).

Notary Public Signature: _____
Notary's Printed or Typed Name: _____
My Commission expires: _____ (SEAL)

**NOTE: RETAIL PURCHASER MUST APPLY FOR NEW TITLE WITHIN 28 DAYS AFTER PURCHASE OR PAY STATUTORY PENALTY. ALTERATIONS OR ERASURES WILL VOID THIS TITLE.**